HENRY W. KURZ, ROBERT MORGAN, AND LYMAN L. THOMPSON, PLAINTIFFS-RESPONDENTS, v. LEONARD GENOVA, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 4, 1974—Decided July 22, 1975.

Before Judges COLLESTER, LORA and HANDLER.

*Messrs. Kaplowitz and Wise,* attorneys for appellant (*Mr. Steven Wise* on the brief).

*Messrs. Pisano & Triarsi,* attorneys for respondents (*Mr. Alfonso L. Pisano* on the brief).

PER CURIAM. Defendant Leonard Genova appeals from a judgment of the Law Division which invalidated his election as the borough council representative of Roselle Park

to a "joint meeting" comprised of municipalities, organized pursuant to *N. J. S. A.* 40:63–68 *et seq.*, for the construction and maintenance of a sewage disposal system.

The facts are not in dispute. The municipal government of Roselle Park consists of the mayor and six members of the borough council. The borough, along with other municipalities, is a member of a joint meeting, alternatively referred to as the Joint Sewer Authority or Joint Sewer Commission. *N. J. S. A.* 40:63–69 defines a joint meeting as the meeting or assembly of members of the governing bodies of several municipalities having authority to make and enter into contracts for the construction jointly of the works or improvements authorized by *N. J. S. A.* 40:63–70 [sewage disposal systems]. *N. J. S. A.* 40:63–85 provides for the organization and election of officers of the joint meeting by the governing bodies of the various municipalities. *N. J. S. A.* 40:63–87 states in pertinent part that:

Each municipality through its body or board represented in such joint meeting, shall be entitled to one vote therein, on all motions, resolutions, appointments and all other proceedings taken in or by such joint meeting * * *. If only one member of such municipal body or board be present at the joint meeting, the vote of his municipality may be cast by him. * * *

The participation of Roselle Park in the actions of the joint meeting is thus limited to members of the borough council. The council elects one of its members to represent the municipality at the joint meeting. The council representative is paid $2,200 a year by the joint meeting for his services.

At a meeting of the borough council defendant was nominated as the council representative to the joint meeting. In the election that followed defendant received three votes, including his own, and three councilmen voted against him. Pursuant to the council by-laws which required such an election to be by a majority vote, with the mayor voting in case of a tie, the mayor cast the deciding vote in favor of defendant.

Plaintiffs, the councilmen who voted against defendant, brought an action in lieu of prerogative writs to set aside the election. Following a hearing the trial judge held defendant could not vote for himself, enjoined defendant from serving as council representative to the joint meeting, and declared the position to be vacant. This appeal followed.

In ruling that defendant was disqualified from voting for himself the trial court relied on *Hazlet Tp. Committee v. Morales,* 119 *N. J. Super.* 29 (Law Div. 1972). In that case the court held the appointment of a member of the township committee to membership on the township sewerage authority was void where at the time of the appointment the township committee member cast the deciding vote for his own appointment. The court ruled that although *N. J. S. A.* 40:14A–5 allowed a member of the governing body to be appointed by that governing body as a member of the sewerage authority, the appointment was invalid where the interested member voted for himself and his vote was essential to the appointment. The court stated that being in a position to appoint one's self to a public office or position was clearly of that class of self-interest which disqualifies, and that a municipal official in such a situation is not likely to act purely out of undivided loyalty to the public.

Defendant contends the trial judge erred. He asserts that only members of the Roselle Park borough council are eligible for the position of council representative to the joint meeting and that he was not disqualified from voting for himself. He relies on *Skarbnik v. Spina,* 125 *N. J. Super.* 87 (Law Div. 1973), which was decided subsequent to *Hazlet* and the decision in the present case.

We are satisfied that *Hazlet* is clearly distinguishable from the instant case. *Hazlet* involved an appointment to a municipal sewerage authority created under the Sewerage Authorities Law (*N. J. S. A.* 40:14A–1 *et seq.*). *N. J. S. A.*

40:14A–5 permitted, rather than required, members of the governing body to be appointed by the governing body as members of the sewerage authority. In the instant case membership in the borough council of Roselle Park was required to represent the municipality in a joint meeting.

*Skarbnik v. Spina, supra,* involved the election by the municipal council of West Orange of a council representative to a joint meeting, organized as here, under the provisions of *N. J. S. A.* 40:63–68 *et seq.* The municipal council consisted of five members. At a meeting of the council Spina, one of the councilmen, was elected as council representative to the joint meeting by a vote of three to two, with Spina voting for himself. His election was subsequently challenged by one of the councilmen who voted against him. In upholding Spina's election the court pointed out that under *N. J. S. A.* 40:63–69, 40:63–85 and 40:63–87 membership in the governing body was a prerequisite for participation in actions of the joint meeting. The court further noted that if Spina was disqualified from voting it would require for election the affirmative vote, not of the majority, but of at least three of the four councilmen remaining. The court held that this requirement was not within the letter or spirit of the procedure adopted by the council under its rules. The court also found no showing that Spina was subject to any direct or indirect private interest at variance with the impartial performance of his public duty.

We agree with the rationale of *Skarbnik v. Spina, supra.* Here, the election of a borough council representative to the joint meeting, if Genova was disqualified, would require the affirmative vote of four of the five remaining councilmen. Moreover, since the council representative to the joint meeting merely represents the municipality in its transactions we can see no self-interest on the part of Genova which would disqualify him from voting.