Reversed and remanded for reinstatement of the indictment. We do not retain jurisdiction.

FREDERICK E. GAYDER, PLAINTIFF-RESPONDENT, v. BERTRAND SPIOTTA, PERSONALLY, DEFENDANT-APPELLANT, AND BERTRAND SPIOTTA, AS VILLAGE PRESIDENT AND APPROPRIATE AUTHORITY OF THE TOWNSHIP OF SOUTH ORANGE, AND THE BOARD OF TRUSTEES OF THE TOWNSHIP OF SOUTH ORANGE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1985—Decided December 24, 1985.

558

Before Judges PRESSLER, BILDER and GRUCCIO.

*Albert G. Besser* argued the cause for appellant (*Hannoch Weisman,* attorneys; *Albert G. Besser,* of counsel; *Miriam E. Cahn,* on the brief).

*Robert F. Colquhoun* argued the cause for respondent (*Colquhoun & Colquhoun,* attorneys; *Robert F. Colquhoun,* on the brief).

The opinion of the Court was delivered by

PRESSLER, P.J.A.D.

This controversy has its genesis in an ordinance adopted by the Village of South Orange which, pursuant to *N.J.S.A.* 40A:14–118, designated the village president as the "appropriate authority" to exercise supervisory control over the police department.

The village president, defendant Bertrand Spiotta, acting in accordance with the ordinance, issued a memorandum of policy respecting departmental organization. Plaintiff Frederick E. Gayder, police chief of the village, brought this action to challenge the validity of both the ordinance and the policy memorandum. He also sought to recover compensatory and punitive damages from Spiotta, claiming that the memorandum usurped the power of the police chief and was maliciously intended to do so. The Law Division severed the damages count from the claims in lieu of prerogative writs. After a trial on those claims, the court entered an order, certified as final pursuant to *R.* 4:42–2, invalidating the ordinance and, consequently, the memorandum, on the ground that Spiotta's cast of the tie-breaking vote necessary for the enactment of the ordi-

nance was infected by his personal interest in having himself designated as the appropriate authority. Because of the procedural basis of the court's action, it did not address plaintiff's substantive challenge to the ordinance. Spiotta appeals.[1]

■ Pending the appeal, the village's board of trustees enacted a superseding ordinance designating the village administrator as the appropriate authority. The administrator, in that capacity, has not repromulgated the challenged memorandum, which in fact never went into effect because of a preliminary restraint against its implementation entered in this action. The parties have also agreed at oral argument that there is nothing to suggest that the substance of that memorandum is likely to be adopted by the present appropriate authority. It is, therefore, clear that the question respecting the substantive validity of the challenged memorandum is moot, and we decline to address it.

■ We would also ordinarily regard the question respecting the procedural validity of the original ordinance as moot in view of its supersession and would therefore ordinarily have declined to address it as well. We nevertheless have opted to consider the merits of that question because of our conclusion that the trial court erred in its application of the so-called personal interest disqualification rule, and the public interest requires us to say so. *See Vasquez v. Glassboro Service Ass'n, Inc.,* 83 *N.J.* 86, 94 (1980).

---

[1] In the trial court defendant Village of South Orange defended for all defendants with respect to the prerogative writ claims. Defendant Spiotta was separately represented in defense of the tort claim, which has not yet been tried. The Board of Trustees chose not to appeal from the adverse determination on the prerogative writ claims, and the appeal is being prosecuted only by defendant Spiotta. We disagree with plaintiff's contention that Spiotta does not have standing to prosecute the appeal. He was named as a party defendant in the prerogative writ claims, and as village president, rather than as an individual, he has a sufficient interest therein to support his standing.

■ The legal question we have undertaken to decide must be resolved in the context of both the village's form of government and the purpose, policy and provisions of *N.J.S.A.* 40A:14–118. The village operates under its own special charter, enacted by the Legislature and approved by its voters in 1977 and effective on January 1, 1978. The legislative function is allocated to a six-member elected board of trustees. The chief-executive function is allocated to an elected village president. The village president presides over meetings of the board. Although he is accorded the right to participate in all board-meeting discussions, he is permitted to vote only to break a tie or to cast the fourth affirmative vote required for passage of an ordinance. Clearly, then, the office of village president is tantamount to that denominated "mayor" in other municipal governmental forms. *Compare, e.g., N.J.S.A.* 40:69A–1, *et seq.* (optional municipal charter act) and, more particularly, *N.J.S.A.* 40:69A–41(b) (mayoral vote in mayor-council plans).

*N.J.S.A.* 40A:14–118, generally providing for the creation and establishment of a municipal police department, was amended in 1981 by *L.* 1981, *c.* 266. The purpose of the amendment, as explained by its accompanying statement, was to "clarify the responsibility for the conduct of municipal police forces by providing for a line of authority with respect to the exercise of the police function in municipalities." The scheme of the amendment is to require the governing body, by ordinance, to designate an appropriate authority generally to supervise the police function and to promulgate rules and regulations for the governing of the operation of the police force and the discipline of its members. Among those statutorily eligible for designation as the appropriate authority are the mayor, manager, other executive or administrative officer, the governing body as a whole, a designated committee of the governing body or a special municipal board or commission established for that purpose. In view of the form of the village's government, the

village president, as effective mayor, was clearly eligible for the designation.

The issue then is whether the village president has an interest in the designation of that office as the appropriate authority which is of such a character as to disqualify him from casting a vote for an ordinance so providing. It is our conclusion that in answering this question in the affirmative, the trial court misperceived the nature of a disqualifying self interest.

 We are in full agreement with the trial judge's initial premise that a public official may not exercise his office to confer a personal benefit upon himself. Nor can there be any doubt as to the corollary principle that a member of a municipal governing body may not, therefore, vote to appoint himself to another office or position. *See generally Grimes v. Miller*, 113 *N.J.L.* 553 (Sup.Ct.1934); *Tp. Committee of Tp. of Hazlet v. Morales*, 119 *N.J.Super.* 29 (Law Div.1972). And *cf. Stevens ex rel. Kuberski v. Hausserman*, 113 *N.J.L.* 162 (E. & A.1934) (resigning councilman cannot vote to accept his own resignation). There is, however, a well-settled exception to this rule, namely, that a member of the governing body may vote for his own appointment to an office or position which a statute requires to be filled from among that membership. *See Kurz v. Genova*, 135 *N.J.Super.* 496 (App.Div.1975); *Skarbnik v. Spina*, 125 *N.J.Super.* 87 (Law Div.1973). *And see, e.g., O'Keefe v. Dunn*, 89 *N.J.Super.* 383 (Law Div.1965), aff'd o.b., 47 *N.J.* 210 (1966). *See also N.J.S.A.* 40:46–5, repealed and replaced by *N.J.S.A.* 40A:9–155. The trial court was of the view that the *O'Keefe* exception did not apply because *N.J.S.A.* 40A:14–118 permits municipal officials other than the governing body and the mayor to be designated as the appropriate authority. We are persuaded, however, that this view is predicated on a misperception of the statutory scheme.

As we understand the statute, it does not mandate the creation of the office or position of appropriate authority.

What it does, in effect, is to accord the municipality the option of either allocating the statutory duty of police department supervision to one of the designated municipal officials or official bodies or establishing a special municipal board or commission to exercise that responsibility. It is arguable that if a municipality chooses to establish a special municipal board or commission to act as the appropriate authority under the statute, it will have thereby created a new and distinct office or position. When it chooses, however, as here, to accord the duties of appropriate authority to a statutorily eligible official or official body, it is merely allocating governmental powers and duties in a wholly unexceptionable manner. Thus, the official designated by the ordinance functions as the appropriate authority not by reason of holding that office or position but by reason of holding the office or position which is charged by the ordinance, consistent with the statute, with the performance of those additional duties. There is, therefore, no more vitiating self interest in the village president voting to allocate those duties to that office than there would have been had the board of trustees decided, as it could have, to designate the full board or a committee thereof as the body to fulfill the function of appropriate authority.

In short, Spiotta did not vote to appoint himself to any office or position; there is no such office or position. He voted, rather, to allocate a specific municipal governmental function to a particular, statutorily authorized office, of which he happened to be the incumbent. Nothing in this action invokes any of the policy considerations which demand the vitiation of a self-interested vote by a member of a municipal governing body.

That portion of the order appealed from invalidating the ordinance is reversed. The appeal from that portion of the order invalidating the implementing memorandum is dismissed as moot. We reverse and remand for further proceedings on the remaining count of the complaint.